## Commonwealth v. O'Mealy

*Harold E. Ciampoli, assistant district attorney,* for the Commonwealth.

*G. Scott Gardner,* for defendant.

RAUP, *P.J.,* October 22, 1991—This case is before the court on a summary appeal. The defendant is charged with underage consumption of alcoholic beverages in violation of section 6308(a) of the Crimes Code. The testimony presented at the hearing may be summarized as follows:

At about 4:45 a.m. on January 12, 1991, an officer of the Montoursville Borough Police Department received information from an individual he recognized as a local resident that the individual had just seen a young person walking along the Warrensville Road in the township adjoining the borough. The informant advised that the individual was young and may be a runaway.

In the adjoining township there is a county shelter care facility which houses troubled youth between the ages of 12 and 17 and runaways are a frequent problem. The Pennsylvania State Police have jurisdiction in the adjoining township and officers in the Borough of Montoursville are frequently enlisted to assist in apprehending runaways.

The officer followed the informant's vehicle outside the borough, into the adjoining township and the area where the young person had been seen. The informant

stopped his vehicle and pointed out the young person. The officer then approached the individual. It was apparent to the officer that the individual, the defendant, was not a runaway. The officer asked him how old he was and the defendant indicated he was 21. The officer asked what his destination was and the defendant indicated he was on his way up the road to his home. It was a snowy and miserable night and the time was approximately 5 a.m. The officer at this point had no intention to apprehend the defendant for any purpose.

The officer offered the defendant a ride home and the defendant accepted and entered the passenger seat of the cruiser. The defendant indicated he lived a short way up the road and around the corner. In the course of conversation, the officer noted a strong odor of alcoholic beverage. When the officer reached the intersection of the road on which defendant indicated he lived, he asked the defendant to provide him with identification, which the defendant did. The operator's license of the defendant indicated that he was 19 years of age.

It being apparent that the defendant had consumed alcohol and was under the age of 21, the officer radioed for the Pennsylvania State Police to come to the scene and the Montoursville officer detained the defendant for approximately five minutes until the state police arrived.

After the state police arrived, the defendant admitted that he was under the age of 21 and had consumed beer and the citation was issued.

At the conclusion of the Commonwealth's evidence, the defense moved to dismiss the charge on the following grounds:

(a) That the officer from Montoursville had arrested the defendant without probable cause. That argument is rejected. When the officer from Montoursville detained the defendant, it was after the officer had probable cause to believe that the summary offense of underage drinking had been committed. The citation was not predicated on information supplied by the informant. Rather, it resulted from observations by the officer after the youth had accepted a ride. Therefore, the informant's reliability is not at issue.

(b) That an arrest was effected by the Montoursville police officer, and the arrest was illegal in that the officer had no jurisdiction. The defense relies on the provisions of 42 Pa.C.S. §8953, the Municipal Police Jurisdiction Act. The purpose of this Act is to promote public safety while maintaining police jurisdiction lines and unauthorized forays by police into neighboring municipalities.

Under the Act, a police officer who is outside his primary jurisdiction may, nonetheless enforce the law of this Commonwealth in six circumstances. Since the officer was not in hot pursuit nor acting pursuant to a court order and did not receive prior consent of the chief officer or a request for assistance from an officer having jurisdiction,[1] the first four situations do not apply. Furthermore, because underage drinking is not a felony, the sixth exception also does not apply. Therefore, for defendant's detention and subsequent arrest to be legal, the officer must meet the fifth situation.

---

1. Although the Montoursville police are frequently enlisted to assist in apprehending runaways, the State police did not request such aid on this occasion.

Section 8953(a)(5) allows the police officer to act:

"Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property." 42 Pa.C.S. §8953(a)(5) (1982).

The facts of the present case do not meet this exception. First, the officer was not on official business. Unlike the officers in *Commonwealth v. Merchant,* 528 Pa. 161, 595 A.2d 1135 (1991), the officer did not routinely enter the other jurisdiction on patrol.[2] The officer had no business in the township. He only went there on the request of an individual who saw the defendant and thought he was a runaway. Second, there is no evidence that the defendant's underage drinking presented an immediate clear and present danger to persons or property.

Because none of the six situations for extraterritorial jurisdiction apply, the motion to dismiss for insufficient police jurisdiction will be granted.

### ORDER

And now, October 22, 1991, the defendant's motion to dismiss the conviction of defendant Ryan P. O'Mealy, for violation of section 6308(a) of the Criminal Code, on summary appeal, is hereby granted for the reasons stated above.

---

2. In *Commonwealth v. Merchant, supra,* the officers routinely traveled through a portion of the adjacent jurisdiction to reach a section of highway within their jurisdiction.